**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARRYL L. HINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0390-CVE-TLW |
| ) | |
| **JAMES DENNIS; JOE S. VASSAR;** ) | |
| **DAVID N. MARTIN; MICHAEL LOEFFLER;** ) | |
| **CREEK COUNTY CRIMINAL JUSTICE** ) | |
| **CENTER; KELLY BURCH,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On June 19, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), a motion to proceed *in forma pauperis* (Dkt. # 2), and a motion for appointment of counsel (Dkt. # 3). Plaintiff is in custody at the Creek County Criminal Justice Center, Sapulpa, Oklahoma, and appears *pro se*. For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted and Plaintiff shall be required to submit an initial partial filing fee. The Court further finds that the complaint shall be dismissed based on judicial and prosecutorial immunity and failure to state a claim upon which relief may be granted. The motion for appointment of counsel shall be declared moot.

**A.     Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* shall be granted and he may proceed without prepayment of the filing fee. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$5.67** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate account for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. §1915(b). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2).

The Trust Fund Officer at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to the Trust Fund Office, Creek County Criminal Justice Center, P.O. Box 1600, Sapulpa, Oklahoma, 74067.

**B.      Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

See 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that

is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff seeks monetary damages from defendants who are immune from such relief. Furthermore, the complaint fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii), the complaint shall be dismissed.

Plaintiff's claims relate to the prosecution of criminal charges in Creek County District Court, Case No. CF-2008-071.[1] In his complaint, Plaintiff names six (6) defendants: James Dennis, identified by Plaintiff as his public defender; Joe S. Vassar and David N. Martin, Creek County District Court Judges; Michael Loeffler, Creek County Assistant District Attorney; Creek County Criminal Justice Center; and Kelly Burch. He describes the background of his claims as conspiracy "to defraud me of my constitutional and civil rights as well as malpractice." See Dkt. # 1. He identifies three causes of action: (1) failure to abide by the laws requiring a fair and unbiased trial setting, (2) denial of access to the law library to help with defense, and (3) denial of an adequate defense. Plaintiff has attached handwritten pages to his complaint explaining actions taken by Creek County Judges, the prosecutor, and defense counsel during the prosecution of criminal charges

---

[1]The docket sheet for Case No. CF-2008-071, viewed at www1.odcr.com, reflects that a jury found Plaintiff guilty of Assault and Battery With a Dangerous Weapon (Count 1), Resisting an Officer (Count 2), and Public Intoxication (Count 3). The trial court sentenced Plaintiff in accordance with the jury's recommendation to five (5) years imprisonment on Count 1, one (1) year on Count 2, and thirty (30) days on Count 3, to be served consecutively. Plaintiff's direct appeal is presently pending in the Oklahoma Court of Criminal Appeals, Case No. F-2008-1235.

against him. Id. In his request for relief, Plaintiff asks for "1 million dollars each for the lost [sic] of life, liberty, 10 million for pain suffering." See id.

### 1. Judicial immunity

Plaintiff claims that Creek County District Court Judges Vassar and Martin conspired with the other defendants to manipulate the system to deprive him of his constitutional rights. See Dkt. # 1. He specifically claims that Judge Martin forwarded his case to Judge Vassar "even though he had to add things to the charges instead of applying the law." Id. He also complains that Judge Vassar refused to give him new counsel and insisted that he continue to be represented by Mr. Dennis, that his pretrial motions were denied, that his request to use the law library was denied because he had an attorney, that he was not allowed to speak in court, that he was sent for a mental evaluation without his consent, and that damaging evidence was admitted at trial. Id.

A state court judge has absolute immunity for his or her actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11012 (1991). In this case, the Court finds that the actions taken by Defendants Vassar and Martin forming the basis of Plaintiff's complaint were judicial and within their jurisdiction as District Court Judges for Creek County. Therefore, the Court concludes Defendants Vassar and Martin are absolutely immune from monetary damages in this civil rights action. Plaintiff's request for money damages against Defendants Vassar and Martin shall be dismissed with prejudice from this action.

### 2. Prosecutorial immunity

Plaintiff complains that Defendant Loeffler conspired with the other defendants, proceeded with prosecution of a case that should have been dismissed, and made a disparaging remark, "trash in, trash out," during trial. See Dkt. # 1. A state prosecutor, such as Defendant Loeffler in this case,

is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489 (10th Cir. 1991). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993)). The Tenth Circuit Court of Appeals has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute, immunity. Gagan, 35 F.3d at 1475-76.

Applying these principles to the instant case, the Court finds that the actions of Defendant Loeffler complained of by Plaintiff were taken in prosecuting criminal charges against Plaintiff and are the type of conduct protected by absolute immunity. Therefore, Defendant Loeffler is entitled to absolute prosecutorial immunity from civil damages. Plaintiff's complaint seeking damages against Defendant Loeffler shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Public defender is not a state actor

Plaintiff alleges that his attorney, Defendant James Dennis, is a member of the Creek County Public Defender's Office, and that he violated Plaintiff's civil rights by committing malpractice. Specifically, Plaintiff complains that Defendant Dennis failed to protect his rights, and talked to him like he did not know the law. See Dkt. # 1. Plaintiff believes he is entitled to relief under 42 U.S.C. § 1983.

The relevant civil rights statute provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that, to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Public defenders, like Defendant Dennis, are not state actors within the meaning of 42 U.S.C. § 1983. According to the Tenth Circuit,

> Public Defenders, whether court appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding, are not deemed to act under color of state law; such attorneys represent their client only, not the state, and are not subject to suit in a 42 U.S.C. § 1983 action.

Lowe v. Joyce, No. 95-1248, 1995 WL 495208, at *1 (10th Cir. Aug. 21, 1995) (citing Harris v. Champion, 51 F.3d 901, 910 (10th Cir. 1995)); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

The public defenders in Harris had allegedly asked for numerous and unreasonable extensions of time to file appellate briefs on plaintiff's behalf, without considering whether the client desired the extension or whether the extension was in the client's best interest. The Tenth Circuit held that even if the public defenders' conduct was so egregious that it ultimately deprived their

clients of constitutional rights, the actions were still "traditional lawyer functions." The Court went on to hold that

> even if counsel performs what would otherwise be a traditional lawyer function, such as filing an appellate brief on his or her client's behalf, so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law.

Harris, 51 F.3d at 910. In Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983), the United States Supreme Court held that "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Id.

The Court finds that the actions of Defendant Dennis complained of in this case were actions taken by that Defendant in his traditional role as a defense lawyer for Plaintiff. Defendant's actions were taken on behalf of Plaintiff, not on behalf of the State of Oklahoma. Consequently, Defendant's conduct was not state action for purposes of 42 U.S.C. § 1983. Plaintiff cannot, therefore, maintain an action against Defendant Dennis under § 1983. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's civil rights complaint shall be dismissed as to Defendant Dennis for failure to state a claim upon which relief can be granted.

### 4. Creek County Criminal Justice Center is not a suable entity

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that any claim against Creek County Criminal Justice Center should be dismissed because Creek County Criminal Justice Center is not a suable entity. Numerous courts have held that governmental sub-units or departments, such as a correctional facility or a

county jail, are not separate suable entities and are not proper defendants in a § 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), vacated on other grounds, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D. N.J. 1993). For that reason, Plaintiff's claim against Creek County Criminal Justice Center shall be dismissed.

**5. No claim asserted against Kelly Burch**

In the caption of his complaint, Plaintiff identifies Kelly Burch as a defendant. However, nowhere in the text of his complaint does he explain how Defendant Burch allegedly violated his constitutional rights. Therefore, the Court finds the complaint fails to state a claim upon which relief may be granted as to Defendant Burch.

**6. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, he has sued immune defendants and his complaint otherwise fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments.

2. Plaintiff shall submit an initial partial filing fee payment of **$5.67**.

3. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk of Court at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

4. Plaintiff's request for money damages against Defendants Vassar and Martin is **dismissed** from this action based on absolute judicial immunity.

5. Plaintiff's request for money damages against Defendant Loeffler is **dismissed** from this action based on absolute prosecutorial immunity.

6. Plaintiff's claims against Defendant Dennis are **dismissed** for failure to state a claim upon which relief may be granted.

7. Plaintiff's claim against Defendant Creek County Criminal Justice Center is **dismissed** from this action.

8. Plaintiff's claim against Defendant Kelly Burch is **dismissed** for failure to state a claim upon which relief may be granted.

9. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii).

10. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

11. Plaintiff's motion for appointment of counsel (Dkt. # 3) is **declared moot**.

12. The Clerk shall send a copy of this Order to the Trust Fund Office, Creek County Criminal Justice Center, P.O. Box 1600, Sapulpa, Oklahoma, 74067.

**DATED** this 22nd day of June, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT